IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADAM DAVIS, JR.                                                      PLAINTIFF
ADC #143325

V.                          Case No. 4:24-CV-00794-JM-BBM

DEXTER PAYNE,
Director, ADC, *et al.*                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.    DISCUSSION

On September 18, 2024, Plaintiff Adam Davis, Jr. ("Davis"), an inmate in the Varner Unit of the Arkansas Division of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 2). On December 17, 2024, mail sent to Davis at his address of record was returned as undeliverable with the notation "I/M Refused on 12/1/24." (Doc. 23).

The Court had previously notified Davis of his obligations to maintain a valid mailing address with the Clerk of this Court and to diligently prosecute his case. (Doc. 6 at 1). Specifically, under Local Rule 5.5(c)(2), Davis has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Davis, is not responded to within 30 days, the case may be dismissed, without prejudice. *Id*.

Thus, on December 19, 2024, the Court ordered Davis to file a notice, within thirty days, indicating his intent to prosecute his case. (Doc. 24). The Court cautioned Davis that, if he failed to timely and properly comply with the Order, this case may be dismissed without prejudice for failure to prosecute. *Id*. at 1.

Davis has not complied with the December 19 Order. Mail sent to his address of record, including the December 19 Order, continues to be returned with the notation that Davis "refused" the legal mail. (Docs. 29, 32–33, 35–37). Davis has, however, filed a motion and several "Declarations" since the December 19 Order. (Docs. 26–28, 30–31, 34). He explains that the Varner Unit has a new policy of opening and copying prisoner's legal mail, providing the copy to the prisoner, and shredding the original. (Doc. 25 at 2; Doc. 27 at 2, 5; Doc. 31 at 1–2; Doc. 34 at 7). He believes the policy is the result of other inmates introducing "drugs and/or K-2" at the Varner Unit. (Doc. 27 at 3, 5; Doc. 31 at 2, 4).

Davis alleges that the policy, which is unrelated to his underlying claims in this case, violates his constitutional rights. (Doc. 27 at 2, 5; Doc. 31 at 2). Thus, he demands his

"original" legal mail and refuses to accept the copy provided by the Varner officials. (Doc. 27 at 2; Doc. 31 at 2). He laments that, because of other inmates' wrongdoing, he "cannot receive legal mail here at the Varner Unit." (Doc. 27 at 5).

Although the Court understands Davis's concerns regarding his legal mail, it is still recommended that this case be dismissed. The reasoning is simple: because Davis is refusing his legal mail from the Court, he cannot respond the Courts orders, as required to diligently prosecute his case. As a case in point, he failed to receive or respond to the Court's December 19 Order, and the time to do so has passed. *See* (Docs. 24, 33). Accordingly, his Complaint should be dismissed without prejudice for failure to prosecute.

## II.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.    Davis's Complaint, (Doc. 1), be DISMISSED without prejudice for lack of prosecution.

2.    Davis's pending Motions, (Docs. 11, 19, 25), be denied as moot.

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 28th day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE